# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Tom N. O'Hara and Julia E. Bennett | **Case No :** | 10-39214 - E - 13C |
| | | **Date :** | 11/30/11 |
| | | **Time :** | 10:00 |
| **Matter :** | [44] - Motion/Application to Dismiss Case for Failure to Make Plan Payments [TSB-1] Filed by Trustee David Cusick (maws) [44] - Motion/Application to Dismiss Case/Proceeding [TSB-1] Filed by Trustee David Cusick (maws) | | |
| **Judge :** | Ronald H. Sargis | | |
| **Courtroom Deputy :** | Janet Larson | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | E | | |

**APPEARANCES for :**
**Movant(s) :**
 Talvinder Bambhra (for the Trustee)
**Respondent(s) :**
(by phone)  Debtor(s) Attorney - Mark W. Briden

---

MOTION was :
Granted
See Findings of fact and conclusions of law below

The court will issue a minute order.


Local Rule 9014-1(f)(1) Motion - Opposition Filed.

Proper Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtors, Debtors Attorney, and Office of the United States Trustee on November 2, 2011. By the courts calculation, 28 days notice was provided. 28 days notice is required.

The Motion to Dismiss has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). The Debtors filed opposition. If it appears at the hearing that disputed material factual issues remain to be resolved, a later evidentiary hearing will be set. Local Bankr. R. 9014-1(g).

The courts decision is to grant the Motion to Dismiss and dismiss the case.

The Trustee seeks dismissal of the case on the basis that the Debtors are $3,000.00 delinquent in plan payments, which represents two months of the $1,500.00 plan payment. Failure to make plan payments is unreasonable delay which is prejudicial to creditors. 11 U.S.C. § 1307(c)(1).

According to the Trustee it appears that Debtors are acting pro se, though the courts records reflect that they are represented by counsel. On September 30, 2011, Debtors filed a Motion to Modify Plan reflecting that they represent themselves (Dckt. 40). A Modified Plan has not been filed and the documents have not been served on all parties in interest.

Debtors, through their counsel of record, have filed an opposition to the motion stating that they will become current on the plan prior to November 25, 2011 in the amount of $4,500.00. Counsel for Debtors further states that he was unaware of Debtors attempt to modify the plan.

However, a promise to cure delinquency is not evidence that the delinquency has been cured. Because Debtors have provided no evidence showing that the delinquency has been cured this court will dismiss the Debtors case.

Further, no explanation is provided how the Debtors have the ability to make a triple payment in one month to cure the defaults under the Plan. If the Debtors are accurately paying their projected disposable income to the Trustee, there should not be triple that amount lying around for the Debtors to pay the Trustee if and when they so choose. No evidence is provided to the court to support any of the allegations in the opposition.

Cause exists to dismiss this case. The motion is granted and the case is dismissed.